UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS A. DILLON,<br><br>    Plaintiff,<br><br>    v.<br><br>MURPHY & HOURIHANE,<br><br>    Defendant. | Case No. 14-cv-01908-BLF<br><br>**ORDER DENYING DEFENDANT'S REQUEST TO CERTIFY FOR INTERLOCUTORY REVIEW THE COURT'S ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

    Before the Court is Defendant's request to Certify for Interlocutory Review the Court's July 3, 2014 Order Denying Defendant's Motion to Dismiss ("Mot. to Certify," ECF 28). The Court's July 3, 2014 Order, pursuant to reconsideration, has been amended to reflect the effects of the recent Supreme Court case *Walden v. Fiore*, 134 S. Ct. 1115 (2014), on this Circuit's personal jurisdiction jurisprudence. *See* Amended Order Denying Mot. to Dismiss, ECF 38.

    Defendant argues that there is "at a bare minimum, substantial ground for difference of opinion" as to whether the Court's prior Order "stands in conflict with the . . . recent pronouncements of the Supreme Court on the subject of 'minimum contacts.'" Mot. to Certify, ECF 28 at 2.[1] It argues further that granting its Motion to Certify would "present the [Ninth] Circuit with an early opportunity to bring its personal jurisdiction jurisprudence into harmony with the Supreme Court's new precedent." *Id.* at 3. As such, Defendant contends that the Court should, pursuant to 28 U.S.C. § 1292(b), certify its prior July 3 Order for interlocutory review by the Ninth Circuit.

---

[1] The Court's amended Order following reconsideration, *see* ECF 38, moots this argument, as it evaluates the personal jurisdiction inquiry through the analytical framework espoused by the Supreme Court in *Walden*.

The Court finds that Defendant has not made a sufficient showing to warrant interlocutory review of this Court's Order Denying Defendant's Motion to Dismiss, and DENIES Defendant's Motion.

## I.  LEGAL STANDARD

A federal district court may certify for interlocutory review any non-dispositive order that meets three criteria: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. §1292(b). The purpose of this statute is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). Motions under § 1292(b) are to be granted sparingly. *See James v. Price Stern Sloan Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

## II.  ANALYSIS

A district court may certify an order for interlocutory review "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). For a court to grant interlocutory review of an order not otherwise appealable, the party seeking such review has the burden of showing three things: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. §1292(b).

Here, Defendant meets the first requirement, having shown that there is a controlling question of law – though determination of personal jurisdiction over a party requires some examination of the factual allegations at hand, it is a purely legal question to be determined by the Court. *See Wellons, Inc. v. Sia Energoremonts Riga, Ltd.*, 2013 WL 5913266, at *1 (slip op.) (W.D. Wash. Nov. 4, 2013) (compiling cases and finding that orders denying a motion to dismiss for lack of personal jurisdiction are certifiable under § 1292(b)).

Where Defendant fails to make the requisite showing, however, is on the second and third §1292(b) requirements. Defendant argues that there is a substantial ground for difference of opinion, noting that, in its initial *Walden* opinion, the Ninth Circuit was divided on the question of

1   whether personal jurisdiction could be exercised. The Supreme Court's unanimous ruling in
2   *Walden*, however, removed any doubt as to the standard courts should apply when engaging in a
3   personal jurisdiction analysis – that the effects test employed by courts must be "forum-focused,"
4   and that a plaintiff or third-party's actions cannot drive the jurisdiction inquiry. *Walden*, 134 S. Ct.
5   1115, 1123-26; *see also Couch v. Telescope, Inc.*, 611 F.3D 629, 633 (9th Cir. 2010) ("To
6   determine if a substantial ground for difference of opinion exists under § 1292(b), courts must
7   examine to what extent the controlling law is unclear."). Though the judges of this Circuit, as is
8   undoubtedly the case in all circuits, will disagree on questions of personal jurisdiction, it would be
9   imprudent for any court to throw up its hands and permit interlocutory review of its jurisdiction
10  orders simply because the jurisdictional question might be a difficult one. *See, e.g.*, *Nat'l Union
11  Fire Ins. Co. of Pittsburgh, Pa. v. Ready Pac Foods, Inc.*, 2011 WL 1059284 (C.D. Cal. Mar. 18,
12  2011) ("[I]n ruling on motions to certify pursuant to 28 U.S.C. § 1292(b), 'a party's strong
13  disagreement with the Court's ruling is not sufficient for there to be a substantial ground for
14  difference of opinion.'"). There are no novel circumstances here that call for interlocutory review.
15  Under Defendant's reading of § 1292(b), nearly any order denying a motion to dismiss on
16  jurisdictional grounds would be appealable if the Court knew, or had reason to believe, that the
17  Circuit in which it sits has a wide variety of views on the jurisdictional question at issue, such that
18  the circuit court could ultimately rule differently. Such an expansive reading of the statute is not
19  justified. *See, e.g.*, *Couch*, 611 F.3d 629, 633 (finding a certification order "jurisdictionally
20  defective" and that the order "should not have been certified" because the party seeking
21  certification did not make a sufficient showing of substantial ground for difference of opinion).
22      As to the third ground, an order overturning this Court and dismissing this case for lack of
23  personal jurisdiction may terminate the litigation in this forum, but this by itself is not enough to
24  merit interlocutory review. *See, e.g.*, *Environmental Protection Info. Cntr. v. Pac. Lumber Co.*,
25  2004 WL 838160, at *3 (denying a motion to certify, stating that "[e]very denial of a dispositive
26  motion *may* result in reversal at the appellate court, which *may*, in turn, conclude the case
27  outright") (emphasis in original). Defendant argues that this case "presents an excellent vehicle for
28  the Ninth Circuit to clarify the constitutional limits of *in personam* jurisdiction in light of [the]

*Walden* and *Daimler, A.G.* cases." (Def.'s Reply at 9). Courts, however, must only confront the questions that are properly before them, and a party may not simply get around an adverse ruling because it believes the facts of the case provide a good way for this Circuit to reconsider its jurisprudence on a particular question.

## III.   CONCLUSION

Interlocutory review is appropriate in extraordinary cases, "not simply where issues are hard or questions are somewhat new." *Pacific Lumber*, 2004 WL 838160, at *6 (citing *Coopers & Lyband v. Livesay*, 437 U.S. 463, 474 (1978)). Defendant has not met its burden to show that such review would be appropriate here, and the Court DENIES its Motion.

**IT IS SO ORDERED.**

Dated: October 22, 2014

_____
BETH LABSON FREEMAN
United States District Judge